DOUSMAN VS. THE PRESIDENT AND TRUSTEES OF THE TOWN OF MILWAUKEE.

1. CORPORATION — CHANGE IN NAME OF. — If the name of a corporation be changed, it must sue or be sued, in respect to its prior rights and liabilities, by its new name.
2. CONSOLIDATION OF. — The town of West Milwaukee was incorporated in 1837; in 1839 the towns of East Milwaukee and West Milwaukee were united under the name of the town of Milwaukee: *Held*, that the town of Milwaukee, thus created, succeeded to all the rights and liabilities of the former town of West Milwaukee.

ERROR to the District Court of *Milwaukee* County:
THE case is stated in the opinion of the court.
*H. N. Wells*, for plaintiffs in error.
*J. E. Arnold*, for defendant in error.

DUNN, C. J.   This was an appeal from the judgment of a justice of the peace of Milwaukee county to the district court of said county, where the case came on to be tried anew.   The action was on the case for consequential damages claimed by the plaintiff, *Dousman*, against the said *President, etc.*, defendants, for negligence in navigating the Milwaukee river, by which the scow-boat of the plaintiff was injured.   The case was submitted to the district court upon the following statement of facts, to wit:

The town of Milwaukee on the west side of the river was incorporated and became a body corporate and politic in 1837.

In the winter of 1838 and 1839, the two towns of East and West Milwaukee were united, and the old corporation dissolved.

The cause of action on which this suit is brought arose while the town of Milwaukee on the west side of the

Dousman vs. The President and Trustees of the Town of Milwaukee.

river existed as a separate corporation, but suit was not commenced until after the dissolution. Service was made upon the trustees of the town aforesaid who were trustees at the time of the dissolution.

Defendants object to the service, and also say that the suit should have been brought against the corporation by its present name.

On this statement of facts, the district court decided that the suit was not well brought, and that the service on the persons who were trustees of the corporation at the time of its dissolution was not good, and to reverse this judgment, this writ of error is prosecuted.

There is really but one point in this case : Was the suit properly brought? Whether the service be good or bad in law, depends upon the decision of this question. The statement of facts submitted to the district court establishes that the town of Milwaukee, on the west side of the river, was incorporated and became a body politic in 1837 ; that, in the winter of 1838 and '9, the towns of East and West Milwaukee were united, and the old corporation dissolved ; that the cause of action arose while the town of Milwaukee on the west side of the river existed as a separate corporation, and that suit was not brought until after the dissolution.

It has been decided that a corporation accepting a new charter, the new corporation is the same as the old. 3 Burr, 1869, 1870, and it has been held by Lord MANS-FIELD, "that when the question has arisen on any remarkable metamorphosis, it has always been determined that it remains the same as to *debts* and *rights*."

In *Mayor, Aldermen and Burgesses v. Butler*, 3 Lev. 238, an action was brought by the old corporation by this their new name, for a debt which had been originally due to the old corporation in the name of Bailiffs. Judgment was given for the plaintiffs, and at the end it was said that no doubt was made of the debt due to the first corporation remaining due to the new, after the name was changed by letters patent.

If the corporation could sue by the new name for rights of the old, it may legally be sued in the same name for liabilities of the old, because the right to sue in a particular name subjects the same name to suit co-extensively with the right to sue.

It is well settled that a corporation is a mere creature of the act creating it, cannot exist without it, and must, in all its actions, be governed by its provisions. 2 Cranch, 127. The old corporation having been dissolved, and revived only under a new name, or merged in a new corporation, can it sue or be sued by any other than the new name given to it? Certainly, from the authorities referred to and the soundest principles of reason, it cannot. The 5th section of the act of 11th March, 1839, sustains the idea that the legislature never intended that the *old* corporation should retain any such power, or be subject to any such liability. It provides that all the books, papers, etc., of the old corporation be delivered over to the clerk and treasurer appointed under the new corporation, after which the power and duties of the former clerk and treasurer ceased. Here, not only the means of pursuing and recovering their rights, but of properly defending themselves against suits, are taken from them and transferred to officers of the new corporation, plainly indicating that by and in the name of the new corporation they were to prosecute and defend suits when occasion required. Their rights, remedies and liabilities remain with them, to be sued for and recovered or defended by and in the name of the new corporation.*

Under this view, the service specified in the statement of facts was bad. Without giving any opinion or direction as to the proper mode of prosecuting a suit in this case to final judgment and execution (as the point is not before the court), the court consider and adjudge that the judgment of the district court be affirmed with costs, and that the same be certified to said court.

---

* As to the rights and liabilities of corporations in case of a change of name or of consolidation see *Collins v. Rock River R. R. Co.*, 14 Wis. 492; *Vilas v. Milwaukee and Prairie Du Chien Railway Co.*, 17 id. 497.—REP.